# UNITED STATES DISTRICT COURT
## WESTERN DISTRICT OF NORTH CAROLINA
## CHARLOTTE DIVISION
## CASE NO. 3:21-cv-00304-MR

| | |
|---|---|
| **BILAL K. RASUL,** ) | |
| ) | |
| **Petitioner,** ) | |
| ) | **MEMORANDUM OF** |
| **vs.** ) | **DECISION AND ORDER** |
| ) | |
| **TODD ISHEE, Secretary, North** ) | |
| **Carolina Department of Adult** ) | |
| **Correction,**[1] ) | |
| ) | |
| **Respondent.** ) | |
| _____ ) | |

**THIS MATTER** comes before the Court on the Motion for Summary

Judgment filed by the Respondent on November 28, 2022. [Doc. 13].

## I.    PROCEDURAL BACKGROUND

Bilal K. Rasul ("the Petitioner") is a prisoner of the State of North

Carolina.  This is a 28 U.S.C. § 2254 habeas corpus proceeding that stems

from the Petitioner having received a loss of good-time credits in connection

with a January 27, 2021 disciplinary hearing. [Doc. 1 at 1]. The disciplinary

_____

[1] Rule 2(a) of the Rules Governing Section 2254 Cases in the United States District Courts requires that "the petition must name as respondent the state officer who has custody" of the petitioner. Rule 2(a), 28 U.S.C. foll. § 2254.  North Carolina law mandates that the Secretary of the North Carolina Department of Adult Correction is the custodian of all state inmates.  See N.C. Gen. Stat. § 148-4 (2023).  Accordingly, Todd Ishee, the current Secretary of the North Carolina Department of Adult Correction, is the proper respondent in this action.

hearing officer convicted the Petitioner of assault on a fellow inmate, theft of property, and possession of contraband and sentenced the Petitioner to 30 days in segregation, with a loss of 60 days of good-time credits. [Id.]. The Petitioner's administrative appeal of the disciplinary conviction was denied. [Docs. 14-2 at 2; 14-3 at 2; 14-4 at 2].

Following exhaustion of his state remedies, the Petitioner filed his § 2254 Petition for Writ of Habeas Corpus in this Court on June 24, 2021, and an Amended Petition raising additional arguments on October 26, 2021. [Docs. 1, 3-2]. The Petitioner claims that corrections officials violated his due process rights with respect to the disciplinary hearing process and seeks to have his disciplinary convictions overturned and his good-time restored. [Doc. 1 at 5, 16-18]. The Petitioner alleges that corrections officials did not advise him of his rights in the disciplinary process and coerced him into signing forms purportedly advising of his rights, did not advise him of the alleged misconduct, that the hearing officer did not read all of the investigative statements during the hearing and made prejudicial comments, and that officers from a different facility were assigned to conduct investigations. [Id.].

The Court entered an Order on July 29, 2022 directing the Respondent to respond to the § 2254 petition. [Doc. 6]. The Respondent filed its Motion

for Summary Judgment on November 28, 2022, moving this Court to grant summary judgment in its favor and deny the § 2254 petition. [Docs. 13, 14]. In support, the Respondent submitted a brief along with documents from the Petitioner's disciplinary record and hearing, pleadings related to the exhaustion of the Petitioner's state remedies, and relevant policies governing the prison disciplinary process. [Doc. 14].

The Court issued an Order on December 12, 2022 advising the Petitioner of the requirements for filing a response to the summary judgment motion and of the manner in which evidence could be submitted to the Court. [Doc. 15]. To date, the Petitioner has filed no response. The Respondent's Motion for Summary Judgment is now ripe for review.

## II. STANDARD OF REVIEW

Summary judgment shall be granted "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). A factual dispute is genuine "if the evidence is such that a reasonable jury could return a verdict for the nonmoving party." Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248, 106 S.Ct. 2505, 91 L.Ed.2d 202 (1986). A fact is material only if it might affect the outcome of the suit under governing law. Id.

3

The movant has the "initial responsibility of informing the district court of the basis for its motion, and identifying those portions of 'the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any,' which it believes demonstrate the absence of a genuine issue of material fact." Celotex Corp. v. Catrett, 477 U.S. 317, 323, 106 S.Ct. 2548, 91 L.Ed.2d 265 (1986)(citing Fed. R. Civ. P. 56). The burden then shifts to the nonmoving party to proffer competent evidence and specific facts showing that there is a genuine issue for trial. Id. at 323-324. The nonmoving party must oppose a summary judgment motion by going beyond the pleadings and by their own affidavits, or by the "depositions, answers to interrogatories, and admissions on file," designate "specific facts showing that there is a genuine issue for trial." Id. (citing Fed. R. Civ. P. 56). The nonmoving party "may not rest upon the mere allegations or denials of his pleading" to defeat a motion for summary judgment. Id. at 322, n.3.

Any permissible inferences to be drawn from the underlying facts must be viewed in the light most favorable to the party opposing the summary judgment motion. Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp., 475 U.S. 574, 587–88, 106 S.Ct. 1348, 89 L.Ed.2d 538 (1986). Where, however, the record taken as a whole could not lead a rational trier of fact to find for the non-moving party, disposition by summary judgment is

appropriate.  Id. at 599.  A court is bound to enter summary judgment "against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial."  Celotex Corp. v. Catrett, 477 U.S. at 322.

In reviewing the Respondent's Motion for Summary Judgment, the Court must also consider the requirements governing petitions for habeas corpus as set forth in the Antiterrorism and Effective Death Penalty Act ("AEDPA"), 28 U.S.C. § 2254(d).  The AEDPA applies to "a person in custody under a state-court judgment who seeks a determination that the custody violates the Constitution, laws, or treaties of the United States."  Rule 1(a)(1), 28 U.S.C. foll. § 2254.  Under the AEDPA, a state prisoner's claims are limited to allegations that challenge either the fact or duration of their confinement.  Preiser v. Rodriguez, 411 U.S. 475, 489, 93 S.Ct. 1827, 36 L.Ed.2d 439 (1973).  "Federal courts may not issue writs of habeas corpus to state prisoners whose confinement does not violate federal law."  Wilson v. Corcoran, 562 U.S. 1, 131 S.Ct. 13, 178 L.Ed.2d 276 (2011).

## III. FACTUAL BACKGROUND

The forecast of evidence viewed in the light most favorable to the Petitioner is as follows:

### A.    January 1, 2021 Contraband Charge

On January 1, 2021 at Lincoln Correctional Center, Sgt. Ellis conduct a routine search and discovered that the Petitioner possessed 10 hard-boiled eggs and 20 slices of cheese that had been taken from the corrections facility kitchen.  [Doc. 14-2 at 5].  Sgt. Ellis completed a DC-138B "Statement By Witness" form describing the items discovered during the routine search. [Doc. 14-2 at 13].

Officer Meeks completed the investigation report and read the Petitioner his rights in the offender disciplinary process on the DC-138A "Notice to Offender" form,[2] which the Petitioner signed as "under duress" instead of his name.  [Doc. 14-2 at 10-12].  Officer Meeks noted in his report that he provided the Petitioner with a copy of the DC-138A form.  [Id.].

---

[2] The DC-138A "Notice to Offender" form provides prisoners with notice of their rights in the disciplinary process, which includes the right to 24-hour advance written notice of the charges prior to the hearing, right to be informed of the alleged misconduct and to make statements to the investigating officer, right to request witness statements or evidence be gathered on the prisoner's behalf, right to be present at the hearing, right to have staff assistance present at the hearing, right to have evidence read during the hearing and right to refute that evidence, and right to an administrative appeal.  [Doc. 14-2 at 12].

6

Officer Meeks also provided the Petitioner with the DC-138B form on which to make a statement. [Doc. 14-2 at 10-11, 14-15]. The Petitioner checked the boxes on the form for "No," indicating that he did not wish to request written statements be gathered on his behalf, witnesses be present at the hearing, physical evidence be reviewed at the hearing, or staff assistance at the hearing. [Doc. 14-2 at 14-15]. The Petitioner provided a statement accusing Officer Meeks of coercing him into the signing the "Notice to Offender" DC-138A form and not providing him with a copy. [Id.]. The Petitioner stated that he did not understand the charges against him and that his due process rights were violated. [Id.]. The Petitioner provided his initials on the witness statement form and wrote that a civil action would follow if staff did not dismiss the charges against him. [Id.]. The Petitioner's statement made no defense against the alleged contraband items. [Id.].

Officer Meeks noted in his report that he never coerced the Petitioner, that he explained and provided a copy of the offender rights, and that the Petitioner's statement was pre-written before the investigation began. [Doc. 14-2 at 11]. Officer Meeks recommended the Petitioner be charged with a C17 disciplinary infraction for contraband possession. [Id.]. The "Offense and Disciplinary Report" prepared on January 11, 2021 advised the Petitioner of the charges and he pleaded not guilty. [Doc. 14-2 at 8-9].

7

**B. January 12, 2021 Contraband/Property Theft Charge**

During a routine search on January 12, 2021, Officer Sweat and Sgt. Ellis discovered that the Petitioner possessed the following contraband items that were taken from the kitchen at Lincoln Correctional Center: one clear bottle with red lid; several pieces of cheese; one boiled egg; one coffee bag with cocoa; one carton of milk; a shampoo bottle of cooking oil; and one bag of powdered sugar. [Doc. 14-3 at 10, 13-14]. The officers cited the Petitioner for a C17 disciplinary infraction for possession of non-threatening contraband and a C08 disciplinary infraction for theft of property. [Doc. 14-3 at 5]. Both Sgt. Ellis and Sgt. Sweat provided witness statements explaining the discovery of the contraband and Officer Luperchio prepared the Investigating Officer's Report. [Doc. 14-3 at 10-11; 13-14].

Officer Curtis provided a statement explaining that he read the Petitioner his DC-138A "Notice to Offender" rights and obtained a statement from him on January 25, 2021. [Doc. 14-3 at 10-12; 16]. The Petitioner stated that he did not have any questions regarding his notice of rights but declined to sign the form, which Officer Curtis and Officer Shoemake witnessed. [Id.]. Officer Curtis then read the reporting statement to the Petitioner as written by Sgt. Ellis and Officer Sweat, explained how to request information and assistance, and provided a copy of the DC-138A form. [Id.].

8

On the witness statement form, the Petitioner checked the boxes for "No," indicating that he did not wish to request written statements be gathered on his behalf, witnesses be present at the hearing, physical evidence be reviewed at the hearing, or staff assistance at the hearing. [Doc. 14-3 at 15]. The Petitioner stated that he did not receive due process and that officials failed to inform him of his rights or the alleged misconduct, thereby making it impossible to prepare and defend himself. [Id.]. The Petitioner also stated that he would file a civil action if officials did not dismiss the alleged misconduct. [Id.]. The Petitioner provided his initials on the witness statement form and Officer Curtis reported that the Petitioner used the same blue ink pen to check the boxes declining request for information as he did to state that officials did not inform him of the alleged misconduct or his rights. [Doc. 14-3 at 15-16].

The "Offense and Disciplinary Report" prepared on January 26, 2021 advised the Petitioner of the charges and he entered a plea of not guilty. The Petitioner waived his right to 24 hour written notice before the disciplinary hearing but refused to acknowledge that his right or charges were explained to him. [Doc. 14-3 at 8].

### C.    January 15, 2021 Assault Charge

Prison officials charged the Petitioner with an A04 disciplinary infraction for assault with a weapon or other means likely to cause injury on January 15, 2021 after observing him striking another inmate at Lincoln Correctional Center.  [Doc. 14-4 at 5].  Associate Warden Brown provided a statement explaining that upon reviewing video footage, he observed an inmate running laps around the dormitory when the Petitioner began striking the inmate with closed fists in the facial and upper torso area.  [Doc. 14-4 at 9-10, 13].  The inmate attempted to push the Petitioner back to prevent further assault and they both fell to the ground, wherein the Petitioner continued throwing numerous punches.  [Id.].  Associate Warden Brown concluded that the Petitioner's assault was unprovoked. [Id.].

The Petitioner was placed on restrictive housing and transferred to Caldwell Correctional Center pending the outcome of the disciplinary investigation.  [Id.].  Sgt. Ellis prepared the investigating officer's report and called Caldwell Correctional Center to have an investigative officer read the Petitioner his rights and obtain a statement.  [Doc. 14-4 at 9-11].  Sgt. Ellis met with the other inmate involved in the assault who declined to write a statement but agreed with Associate Warden Brown's description of event.  [Id.]. Sgt. Ellis also watched the video footage and concluded that the assault

was unprovoked.  [Id.].  Sgt. Ellis e-mailed Associate Warden Brown's statement to the investigating officer so that he could inform the Petitioner of the alleged misconduct.  [Id.].

At Caldwell Correctional Center, Officer Shoemake explained the DC-138A form "Notice to Offender" rights and the Petitioner responded that he did not have questions but declined to sign the form.  [Doc. 14-4 at 10-12; 15].  Both Officer Shoemake and Officer Poteet witnessed the Petitioner's refusal to sign and noted it on the form.  [Doc. 14-4 at 12].  Officer Shoemake gave the Petitioner a copy of the form. [Doc. 14-4 at 15].

Officer Shoemake read Associate Warden Brown's reporting statement to the Petitioner and advised him how to request information and assistance.  [Id.].  The Petitioner checked the boxes for "No," indicating that he did not wish to request written statements be gathered on his behalf, witnesses be present at the hearing, physical evidence be reviewed at the hearing, or staff assistance at the hearing.  [Doc. 14-4 at 14].  The Petitioner stated on the DC-138B form that the officers did not inform him of the alleged misconduct, denied him due process, and that he was unable to request assistance, live witnesses, physical evidence, or written statements.  [Id.].  The Petitioner also stated that a civil action would follow if staff did not dismiss the charges.  [Id.].  Officer Shoemake reported that the Petitioner

used the same blue ink pen to check the boxes declining assistance as he did to state that he was unable to request information or assistance. [Doc. 14-4 at 15].

The "Offense and Disciplinary Report" prepared on January 19, 2021 notified the Petitioner of the charges and he pleaded not guilty. The Petitioner waived his right to 24 hour written notice before the hearing but refused to acknowledge that his rights or charges were explained to him. [Doc. 14-4 at 8].

### D. Disciplinary Hearing

A disciplinary hearing for the three disciplinary charges took place on January 27, 2021 at Caldwell Correctional Center. [Doc. 14-2 at 7; 14-3 at 7; 14-4 at 7]. The hearing officer explained the waiver and appeal options and the Petitioner acknowledged the receipt and reading of his rights. [Id.]. The hearing officer read all witness statements and the investigating officers' reports and summarized the evidence. [Id.]. The Petitioner provided no live witnesses or witness statements, no physical evidence, and requested no staff assistance. [Id.]. The Petitioner made a verbal statement during the hearing alleging his rights were violated but did not make any defense against the charges. [Id.].

12

The disciplinary hearing officer found the Petitioner guilty and he received a loss of 10 days of good-time credits for each contraband and theft charge and a loss of 30 good-time credits for the assault charge, for a total loss of 60 good-time credits. [Doc. 14-2 at 6; 14-3 at 6; 14-4 at 5].

## IV. DISCUSSION

Respondent moves for summary judgment on grounds that the disciplinary proceedings complied with due process. [Doc. 14 at 3]. Respondent argues that the forecast of evidence is undisputed that the corrections officials provided adequate notice and explanation of the charges to the Petitioner and appropriately advised him of his rights in the disciplinary process. [Id. at 3-16]. Respondent points out that the Petitioner made the decision not to request information or present any witnesses or evidence on his behalf. [Id. at 6, 10, 12]. Respondent also argues that there is no evidence in the record to support the Petitioner's allegations regarding improper statements made by the hearing officer and points out that the Petitioner did not raise this issue in his administrative appeal or initial § 2254 petition. [Id. at 16-17].

A prisoner may challenge a disciplinary conviction under § 2254 to the extent that it increased the duration of the prisoner's custody, including loss of gain time credits. Wilkinson v. Dotson, 544 U.S. 74, 79, 125 S.Ct. 1242,

13

161 L.Ed.2d 253 (2005)("Because an action for restoration of good-time credits in effect demands immediate release or a shorter period of detention, it attacks 'the very duration of ... physical confinement,' ... and thus lies at 'the core of habeas corpus[.]' ")(quoting Preiser v. Rodriguez, 411 U.S 475, 487-488, 93 S.Ct. 1827, 36 L.Ed.2d 439 (1973)).

Although prisoners retain rights under the Due Process Clause, "[p]rison disciplinary proceedings are not part of a criminal prosecution, and the full panoply of rights due a defendant in such proceedings does not apply." Wolff v. McDonnell, 418 U.S. 539, 556, 94 S.Ct. 2963, 41 L.Ed. 2d 935 (1974). However, prisoners are entitled to certain due process protections, which include: (1) no less than 24 hours advance written notice of the disciplinary charges; (2) a written statement by the fact finder regarding the evidence relied upon and the reasons for any disciplinary action; and (3) a hearing where the prisoner has the opportunity to call witnesses and present documentary evidence. Id. at 546-566. The requirements of due process are satisfied if "there is any evidence in the record that could support the conclusion reached by the disciplinary board." Superintendent, Mass. Corr. Inst., Walpole v. Hill, 472 U.S. 445, 455–56, 105 S.Ct. 2768, 86 L.Ed.2d 356 (1985). Federal courts do not review the correctness of a disciplinary hearing officer's findings of fact. Kelly v. Cooper, 502 F.Supp. 1371, 1376

(E.D.Va. December 29, 1980).

The Respondent has presented an undisputed forecast of evidence that shows the disciplinary proceedings satisfied the due process requirements set forth in <u>Wolff</u> and <u>Hill.</u>  As to the contraband and theft charges, the officers provided witness statements describing the items they discovered during their routine searches.  [Doc. 14-2 at 13; Doc. 14-3 at 13-14].  The Petitioner was read the reporting statements and advised of the alleged misconduct.  [Doc. 14-2 at 7-9, Doc. 14-3 at 7-8].  Officer Meeks and Officer Curtis read the Petitioner his notice of rights as set forth in the DC-138A form and provided the Petitioner with a copy of the form for his records. [Doc. 14-2 at 10-12; Doc. 14-3 at 10-12; 16].

The DC-138A form advised the Petitioner of his rights, including the right to written notice, right to be informed of alleged misconduct, right to make statements, right to request witnesses and evidence, right to staff assistance, right to have the substance of the evidence read at the hearing, and opportunity to refute the evidence.  [Doc. 14-2 at 12; 14-3 at 12]. However, the Petitioner voluntarily declined to exercise those rights, checked the boxes declining to request information, and presented no evidence at the hearing to contest the alleged items of contraband.  Neither the Petitioner's written statement nor administrative appeals made any defense against the

charges.  [Doc. 14-2 at 3-4, 14-15; Doc. 14-3 at 3-4, 15-16].

As to the assault charge, both Associate Warden Brown and Sgt. Ellis reviewed the recorded video footage and observed the Petitioner striking the other inmate.  [Doc. 14-4 at 5; 9-10, 13].  The Petitioner was read his rights in the offender disciplinary process along with the officer's reporting statement and notified of the charges.  [Doc. 14-4 at 8, 10-12, 15].  However, the Petitioner voluntarily declined to exercise his rights, declined request for assistance, and presented nothing at the hearing to contest the evidence of the assault.  [Doc. 14-4 at 14-15].

The Petitioner waived his right to 24-hour written notice.  [Doc. 14-3 at 8; Doc. 14-4 at 8].  Nonetheless, the Petitioner was advised of the charges against him more than 24-hours prior to the hearing.  [Doc. 14-2 at 7, Doc. 14-3 at 7-8; Doc. 14-4 at 7-8].  The hearing officer read the officers' statements at the hearing and advised the Petitioner of his rights, which he acknowledged.  The hearing officer also explained her findings and the evidence relied upon in a written report that the Petitioner received.  [Doc. 14-2 at 7; 14-3 at 7; 14-4 at 7].

The Petitioner's initial § 2254 petition is signed and verified under penalty of perjury and therefore constitutes summary judgment evidence. See Goodman v. Diggs, 986 F.3d 493, 498 (4th Cir. 2021).  The amended

16

petition is not verified or signed under the penalty of perjury and therefore, the additional allegations contained therein do not constitute summary judgment evidence. [Doc. 3-2]. Although the initial § 2254 petition is verified, the Petitioner did not respond to the Respondent's Motion for Summary Judgment and has not come forward with any additional evidence to rebut the official prison records submitted by the Respondent that detail the disciplinary proceedings and include all statements reviewed by the hearing officer.

The only thing offered by the Petitioner is his conclusory and self-serving statements. The Court cannot accept this as a forecast of evidence that can be used to rebut an absence of a genuine issue of material fact. The Petitioner has failed to meet his burden on summary judgment to rebut the admissible evidence submitted by the Respondent which directly refutes the Petitioner's self-serving statements. See Nat'l Enterprises, Inc. v. Barnes, 201 F.3d 331, 335 (4th Cir. 2000)(holding that a self-serving affidavit was insufficient to survive summary judgment); Larkin v. Perkins, 22 Fed. App'x 114, 115 (4th Cir. 2001)(holding that plaintiff's "own, self-serving affidavit containing conclusory assertions and unsubstantiated speculation" was insufficient to withstand summary judgment); Spencer v. Hutchens, 471 F. Supp. 2d 548, 552 (M.D.N.C. September 1, 2006)(explaining "[w]hen a

defendant presents specific facts in support of a motion for summary judgment, a plaintiff may not rest on general statements set out in a verified complaint").[3]

In his amended § 2254 petition, the Petitioner accuses the disciplinary hearing officer of making prejudicial statements.[4] [Doc. 3-2]. However, the Petitioner's amended petition is unverified and his allegations are conclusory and unsupported. The Petitioner did not respond to the Respondent's Motion for Summary Judgment with any admissible evidence to support these allegations. The Petitioner also did not raise these allegations in his administrative appeal or initial petition. [Docs. 14-2 at 3-4; 14-3 at 3-4; 14-4 at 3-4]. As set forth above, the forecast of evidence shows that the disciplinary hearing officer observed the requirements for due process and provided a fair hearing with the opportunity to present evidence and

_____

[3] The Petitioner also complains that the officer who read his rights and obtained his witness statement was different from the investigating officer and from a different facility. [Doc. 1 at 16-17]. This allegation is conclusory and without merit. The Petitioner cannot show he suffered prejudice and there is nothing in the administrative procedures governing the disciplinary proceedings that prohibits the use of different officers to carry out disciplinary investigations. See [Doc. 14-10].

[4] The Petitioner accuses the hearing officer of stating the following: "...I am going to side with staff and find you guilty if you do not plead guilty, no matter the evidence," "you know what you did," and "[b]y now you know the drill, the evidence doesn't matter, I'm always on staff's side. You are guilty." [Doc. 3-2 at 1-3]. The Petitioner also accuses the hearing officer of stating "sue me" when he accused her of violating his constitutional rights. [Id.].

witnesses. The Petitioner's assertions of partiality on behalf of the hearing officer and due process violations are without merit and cannot withstand summary judgment.

## V. CONCLUSION

For the reasons set forth above, the Court rejects the Petitioner's claims that his due process rights were violated in connection with his dictionary convictions. The Petitioner fails to support his self-serving allegations with admissible evidence and the forecast of evidence shows that his claims are wholly lacking in evidentiary support. Accordingly, the Respondent's Motion for Summary Judgment will be granted and the § 2254 petition and amended petition will be denied.

Pursuant to Rule 11(a) of the Rules Governing Section 2254 Cases, the Court declines to issue a certificate of appealability. See 28 U.S.C. § 2253(c)(2); Miller-El v. Cockrell, 537 U.S. 322, 338 (2003)(noting that, in order to satisfy § 2253(c), a petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong); Slack v. McDaniel, 529 U.S. 474, 484 (2000)(holding that, when relief is denied on procedural grounds, a petitioner must establish both that the dispositive procedural ruling is debatable and that the petition states a debatable claim of the denial of a constitutional right).

**IT IS, THEREFORE, ORDERED** that:

1) The Respondent's Motion for Summary Judgment [Doc. 13] is **GRANTED**;

2) The Petition for Writ of Habeas Corpus and Amended Petition for Writ of Habeas Corpus [Docs. 1, 3-2] are **DENIED**;

3) The Clerk of Court is respectfully directed to substitute Todd Ishee, Secretary of the North Carolina Department of Adult Correction as the proper Respondent in this action;

4) The Court declines to issue a certificate of appealability pursuant to Rule 11(a) of the Rules Governing Section 2254 Cases; and

5) The Clerk is directed to terminate this case.

**IT IS SO ORDERED.**

Signed: September 18, 2023

Martin Reidinger
Chief United States District Judge